UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-06333-WLH-E | Date | August 7, 2025 |
|---|---|---|---|
| Title | *Jane Doe v. Brandon T. Nichols, et al.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge | |
|---|---|---|
| Holidae Crawford | | None |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE *EX PARTE* APPLICATION FOR A COURT ORDER GRANTING INJUNCTIVE RELIEF [19] AND ORDER TO SHOW CAUSE RE: DISMISSAL**

The Court is in receipt of Plaintiff's *Ex Parte* Application for a Court Order Granting Injunctive Relief (the "TRO EPA"). (TRO EPA, Docket No. 19). In the TRO EPA – filed on August 6, 2025 – Plaintiff requests that the Court issue an order to "temporarily enjoin the DCFS from finalizing the adoption of 'R1' and 'R3' set to occur . . . August 7, 2025[,] at 8:30 A.M." (*Id.* at 8). For the following reasons, Plaintiff's TRO EPA is **DENIED**.

*Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). *Ex parte* applications do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490-91. To obtain *ex parte* relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

492. "It is the creation of the crisis – the necessity for bypassing regular motion procedures – that requires explanation." *Id.* at 493.

The Court finds that Plaintiff has failed to demonstrate that she is without fault in creating the crisis requiring *ex parte* relief. Plaintiff waited until less than 24 hours before the hearing at issue was set to occur – a hearing which, surely, was scheduled weeks, if not months, in advance – to request emergency injunctive relief halting those proceedings. (*See* TRO EPA; *see also* Decl. of Plaintiff ISO TRO ("Plaintiff Decl."), Docket No. 19-1). Nor does Plaintiff offer an "explanation" as to why earlier efforts could not have been made such that she might have sought similar injunctive relief in conformity with "regular motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 490. Accordingly, Plaintiff has failed to demonstrate *ex parte* relief is justified, such that the Court **DENIES** the TRO EPA.

Furthermore, in reviewing the underlying Complaint, Plaintiff has failed to clearly establish subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Although Plaintiff appears to present constitutional and statutory challenges to the actions of the Los Angeles County Department of Children & Family Services (the "DCFS") and various individual employees – and explicitly contends that the "action does not seek to overturn or disturb any final judgment of the state court[,]" – the Court is not convinced. (Compl., Docket No. 1 ¶ 5). Plaintiff's claims, at their core, seek to relitigate issues related to the dependency proceedings in the Superior Court before Judge Tara Newman. (*Id.* ¶¶ 4, 5, 26, 37, 45, 77). Federal courts, however, lack jurisdiction to review state court judgments under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *see also Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(The *Rooker-Feldman* doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision") (internal quotation marks and citation omitted); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003) (explaining that pursuant to the *Rooker-Feldman* doctrine, "[i]t is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state court['s] decision[ ], rather than as a direct appeal of [that decision]").  Even if *Rooker-Feldman* did not preclude Plaintiff's claims, "federal courts have uniformly held that they should not adjudicate cases involving domestic relations[.]" *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam) (simplified).  This includes "when the primary issue concerns the status of parent and child . . ." *Id.*  The Court thus finds that it lacks jurisdiction over claims concerning issues related to these dependency proceedings. *Jasmin v. Santa Monica Police Dep't*, No. CV 16-6999-FMO, 2016 WL 6102328, at *6-8 (C.D. Cal. Oct. 19, 2016) (finding the court lacked subject matter jurisdiction to challenge "multiple improprieties related to the removal of the children from her custody by DCFS officials and the subsequent state court determination to sustain the removal"); *see also Lacy-Curry v. Alameda Cnty. Social Servs. Agency*, 262 Fed.Appx. 9, 10 (9th Cir. 2007).

Because of the issues with Plaintiff's Complaint that this Court identified above, the Court **ORDERS** Plaintiff to show cause in writing, no later than thirty (30) days after this Order issues, as to why this action should not be dismissed for lack of jurisdiction. Furthermore, as explained herein, the Court **DENIES** Plaintiff's Petition for TRO.

**IT IS SO ORDERED.**