1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11    JANE DOE,                          Case No. 2:25-cv-06333-WLH-E

12                Plaintiff(s),          **AMENDED ORDER RE
                                         MOTION TO WITHDRAW AS
13    v.                                 PLAINTIFF'S COUNSEL [29,
                                         36]**
14    BRANDON T. NICHOLS, et al.,

15

16                Defendant(s).

17

18         The Court is in receipt of the Motion to Withdraw as Plaintiff's Counsel (the

19    "Motion"). (Mot. to Withdraw, Docket No. 29). No party filed a written request for

20    oral argument stating that an attorney with five years or less of experience would be

21    arguing the matter. (*See* Standing Order, Docket No. 14 at 16). Further, pursuant to

22    Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter

23    appropriate for decision without oral argument. The hearing calendared for

24    September 12, 2025, is **VACATED**, and the matter taken off calendar. As a result,

25    the Request to Appear Remotely is **DENIED** as moot. (Docket No. 36). For the

26    reasons explained herein, the Court **GRANTS** the Motion.

27    ///

28    ///

1    **I.    BACKGROUND**

2          On July 10, 2025, Plaintiff Jane Doe ("Plaintiff") filed the instant action against

3    Defendants Brandon T. Nichols, Allen Kuan, Berta Cardenas, Aura Walker, Traevonn

4    Johnson, Eva Reina and the County of Los Angeles. (*See* Compl., Docket No. 1). On

5    August 6, 2025, Plaintiff filed an *ex parte* application for a temporary restraining

6    order (the "EPA for TRO") (*see* EPA for TRO, Docket No. 19), which the Court

7    denied. (Order re EPA for TRO, Docket No. 25). The Court also issued an order to

8    show cause re dismissal for lack of jurisdiction (the "OSC"), to be discharged in

9    writing by September 6, 2025. (*See Id.* at 2-3). Subsequently, on August 13, 2025,

10   Plaintiff's counsel – Claudia C. Bohorquez ("Attorney Bohorquez") – filed the

11   Motion before the Court. (*See* Mot.). Defendants do not oppose the Motion.[1] (*See*

12   Decl. of Claudia C. Bohorquez ISO Mot. ("Bohorquez Decl."), Docket No. 29 ¶ 3).

13   On August 20, 2025, Plaintiff filed an *ex parte* application to extend the time to file a

14   response to the Court's OSC ("EPA 2") (*see* EPA 2, Docket No. 31), which the Court

15   granted, thereby continuing Plaintiff's time to respond until October 3, 2025. (Order

16   re EPA 2, Docket No. 32).

17

18   [1] The Court is in receipt of Plaintiff's Opposition to the Motion (the "Opposition").
     (Opp'n, Docket No. 33). Plaintiff contends that Attorney Bohorquez made a
19   "misrepresentation" and "misled this Court" by "label[ing] her [M]otion as
     'unopposed.'" (*Id.* at 5). The Court disagrees. First, the Motion clearly states that
20   "*Defendants* do not oppose this Motion." (Mot. at 3) (emphasis added). In fact,
     Defendants filed a response (the "Response") confirming that they take "no position
21   on the pending [M]otion[.]" (Response, Docket No. 34). Further, Attorney
     Bohorquez explicitly represented in her Motion that she was unable "to procure a
22   substitution of attorney from Plaintiff prior to bringing the instant [M]otion."
     (Bohorquez Decl. ¶ 16). This suggests, at least implicitly, that Plaintiff opposed her
23   withdrawal. Accordingly, the Court does not consider Attorney Bohorquez to have
     made any misrepresentation. Plaintiff also alleges "possible collusion" between
24   Attorney Bohorquez and Defendants. (*See* Opp'n at 4). The Court finds these
     allegations speculative and unsupported. More importantly, though, Plaintiff's
25   accusations against Attorney Bohorquez only demonstrate the clear conflict between
     client and counsel, which will not be remedied by requiring that Attorney Bohorquez
26   continue to represent her. Accordingly, Plaintiff's Opposition only further supports
27   granting the Motion.

28

1    Currently pending before the Court is Defendants' motion to dismiss (*see* Mot.

2    to Dismiss, Docket No. 20), which is on calendar for October 24, 2025.  (Scheduling

3    Notice, Docket No. 28).  Pursuant to Local Rule 7-9, Plaintiff's opposition to the

4    motion to dismiss must be filed by October 3, 2025.  *See* L.R. 7-9 (requiring that

5    opposing papers be filed no later than twenty-one days before the hearing date).

6    **II.    DISCUSSION**

7        Before the Court is Attorney Bohorquez's Motion to Withdraw as Plaintiff's

8    Counsel.  (*See* Mot.).  For the reasons explained herein, the Court **GRANTS** the

9    Motion.

10        **A.    Legal Standard**

11        The Court has discretion to grant or deny a motion to withdraw as counsel.

12    *Kazaovsky v. Metrocities Mortg., LLC,* No. 2:11-cv-06079-ODW (FMOx), 2012 WL

13    8747557, at *1 (C.D. Cal. June 4, 2012).  "Under the Local Rules, '[a]n attorney may

14    not withdraw as counsel except by leave of court.'"  *Saribekyan v. JP Morgan Chase*

15    *Bank, N.A.*, No. CV 21-388-PSG(JPRx), 2021 WL 6102923, at *1 (C.D. Cal. Aug. 27,

16    2021) (quoting L.R 83-2.9.2.4).  "Unless good cause is shown and the ends of justice

17    requires, no substitution or relief of attorney will be approved that will cause delay in

18    prosecution of the case to completion."  L.R. 83-2.3.5.

19        "In determining whether good cause and the ends of justice require withdrawal,

20    courts weigh (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal

21    may cause to other litigants; (3) the harm withdrawal might cause to the

22    administration of justice; and (4) the degree to which withdrawal will delay the

23    resolution of the case."  *Saribekyan*, 2021 WL 6102923, at *1.  In assessing this first

24    factor, courts "consider the California Rules of Professional Conduct 1.16 in ruling on

25    motions to withdraw."  *Id.*  Under Rule 1.16, a lawyer "may withdraw" when the

26    client "renders it unreasonably difficult" for the attorney to continue effective

27    representation.  Cal. Rules of Pro. Conduct R. 1.16(b)(4).  "A 'breakdown in

28    communication' between client and attorney constitutes good cause to grant an

1 attorney's motion to withdraw as counsel." *Fabricant v. Fast Advance Funding, LLC*,

2 2018 WL 6927809, at \*2 (C.D. Cal. June 26, 2018) (quoting *China Cent. Television v.*

3 *Create New Tech. HK Ltd.*, No. CV 1501869MMMAJWX, 2015 WL 12826457, at \*2

4 (C.D. Cal. June 25, 2015)).  "A communication breakdown that justifies withdrawal is

5 one that 'renders it unreasonably difficult for the member [attorney] to carry out the

6 employment effectively.'"  *Id.* (quoting Cal. Rules of Pro. Conduct R. 1.16(a)(3)).

7      The Local Rules also impose procedural requirements regarding notice.

8 *Saribekyan*, 2021 WL 6102923, at \*1.  "[M]otions 'for leave to withdraw must be

9 made upon written notice given reasonably in advance to the client and to all other

10 parties who have appeared in the action.'"  *Id.* (quoting L.R. 83-2.9.2.1).

11     **B.**  **Analysis**

12      The Court first weighs the four factors that courts consider in determining

13 whether there is good cause to permit withdrawal.  Finding good cause, the Court then

14 assesses the extent to which the procedural requirements of the Local Rules are

15 satisfied.  Finding sufficient notice was provided, the Court **GRANTS** the Motion.

16         *1. The Four Factors Weigh in Favor of Granting the Motion*

17      After weighing the four factors mentioned herein, the Court concludes that

18 there is good cause to allow Attorney Bohorquez to withdraw.  With respect to the

19 first factor, Attorney Bohorquez asserts that she is no longer able to represent Plaintiff

20 because "[t]he communication . . . has reached a point where effective representation

21 is no longer possible."  (Mot. at 10; *see also* Bohorquez Decl. ¶ 5).  "A 'breakdown in

22 communication' between client and attorney constitutes good cause to grant an

23 attorney's motion to withdraw as counsel."  *Fabricant*, 2018 WL 6927809, at \*2

24 (quoting *China Cent. Television*, 2015 WL 12826457, at \*2).  Given Attorney

25 Bohorquez's contention that the communication breakdown has "'render[ed] it

26 unreasonably difficult for the member [attorney] to carry out the employment

27 effectively[,]'" now supported Plaintiff's accusations in her opposition, Attorney

28

1    Bohorquez's withdrawal is justified. *Id.* (quoting Cal. Rules of Prof'l Conduct R.

2    1.16(a)(3)). As such, the first factor weighs in favor of withdrawal.

3        Turning to the second factor, Attorney Bohorquez's withdrawal will not unduly

4    prejudice any parties. An attorney's withdrawal does not prejudice their client when a

5    case is in "the early stage of litigation" and when the client "will have sufficient time

6    to hire new counsel." *Fabricant*, 2018 WL 6927809, at \*3. Here, this action is in

7    "the early stage of litigation[,]" as it was only filed roughly six weeks ago on July 10,

8    2025. *Id.* Further, Plaintiff will have "sufficient time to hire new counsel." *Id.* As

9    the Court has not yet issued a pretrial scheduling order, there are no impending trial-

10   related deadlines. *See id.* (emphasizing that there would be enough time to retain new

11   counsel and prepare for trial where there were seven months until discovery cut-off).[2]

12   To the extent that Plaintiff contends she will be prejudiced in her ability to respond to

13   the OSC and file an opposing brief to the motion to dismiss by October 3, 2025 –

14   which could result in "dismissal of her case" – the Court, *sua sponte*, grants a 6-week

15   continuance with respect to both deadlines, as noted in the table below, to avoid

16   prejudice to Plaintiff. (Opp'n at 2). Nor will Defendants suffer prejudice by Attorney

17   Bohorquez's withdrawal, which is illustrated by the fact that Defendants do not

18   oppose the motion. (*See* Bohorquez Decl. ¶ 3); *Fabricant*, 2018 WL 6927809, at \*3

19   (concluding that the non-moving party's lack of opposition suggested it would not be

20   harmed). Accordingly, the second factor weighs in favor of withdrawal.

21       With respect to the third and fourth factors, Attorney Bohorquez's withdrawal

22   will not harm the administration of justice or delay resolution of the case. First, if

23   anything, a "[l]ack of communication" hinders the administration of justice. *Id.*

24   Given Attorney Bohorquez's Declaration regarding the communication breakdown

25   with Plaintiff, *denying* the Motion would be a greater harm to the administration of

26

27   [2] To the extent that there are *briefing* deadlines, Plaintiff has until October 3, 2025, to
     file an opposition to the pending motion to dismiss (*see* Docket No. 20), as well as a
28   response to the Court's Order to Show Cause. (*See* Docket No. 31, 32).

1   justice. *Id.* (concluding that a relieving an attorney who could not effectively

2   communicate with his clients preserved the administration of justice).  Second, as

3   noted, there is no trial yet scheduled in this case.  Accordingly, the withdrawal will not

4   cause delay or otherwise impact the resolution of this case.  *Id.* (finding that the

5   attorney's withdrawal would not cause delay where there were seven months until

6   discovery cut-off).

7           In sum, all four factors weigh in favor of allowing Attorney Bohorquez to

8   withdraw as counsel for Plaintiff.  Given the demonstration of good cause to

9   withdraw, the Court next considers whether the procedural requirements are satisfied.

10                    *2.  The Procedural Requirements Are Satisfied*

11          The Court finds the procedural requirements are satisfied, as Attorney

12  Bohorquez provided "advance notice of [her] intent to withdraw."  *Id.* at *2.  Such

13  notice "must be given reasonably in advance[.]"  *Fabricant*, 2018 WL 6927809, at *2.

14  Here, Attorney Bohorquez sent Plaintiff a correspondence via email on August 9,

15  2025, to her known email address,[3] indicating that she intended to file a motion to

16  withdraw.  (Bohorquez Decl. ¶ 13).  On August 11, Attorney Bohorquez sent Plaintiff

17  a Substitution of Attorney form.  (*Id.* ¶ 14).  Subsequently, Attorney Bohorquez

18  provided a "[f]ormal [n]otice" (the "Notice") to Plaintiff and Defendants on August

19  13, 2025, 30 days in advance of the hearing scheduled for September 12, 2025.  (Mot;

20  *see also* Bohorquez Decl. ¶ 15).  Attorney Bohorquez sent this Notice to Plaintiff's

21  known email address, as well as by messenger service to her office where "she works

22  and is able to receive mail and deliveries."  (*Id.*).  The Court finds this "notice was

23  reasonable[.]"  *Fabricant*, 2018 WL 6927809, at *2 (finding notice reasonable where

24  the attorney sent two correspondences days before serving the notice of motion with a

25

26  ─────────────────────
    [3] Attorney Bohorquez represents that "[d]uring [her] entire representation of
27  [Plaintiff]," she "sent emails to that address, and [Plaintiff] [] always responded to
    [her] and/or initiated email communications to [her] from that email address."
28  (Bohorquez Decl. ¶ 15).

1  "hearing date several weeks after the date [the attorney] filed the [motion to

2  withdraw]").

3  **III.   CONCLUSION**

4       For the foregoing reasons, the Court **GRANTS** the Motion.  The Court

5  **ORDERS** Attorney Bohorquez to send a copy of this Order to Plaintiff by registered

6  mail at her last known address within fourteen (14) days and file a proof of service

7  with the Court.  The Court **ORDERS** the Clerk to utilize the address for Plaintiff

8  included in her filing at Docket No. 33.  Should Plaintiff wish to use a different

9  address, she may make a request through the proper channels.  Furthermore, the

10  Court, on its own motion, hereby **GRANTS** a 6-week continuance with respect to

11  Plaintiff's Response to the OSC, as well as her opposing brief and related dates, as

12  provided in the table below.

13

| Deadline | Old Date | New Date |
|---|---|---|
| Response to OSC | October 3, 2025 | November 14, 2025 |
| Opposition to Motion to Dismiss | October 3, 2025 | November 14, 2025 |
| Hearing on Motion to Dismiss | October 24, 2025 | December 5, 2025 |
| Scheduling Conference | November 21, 2025 | January 9, 2026 |

23       **IT IS SO ORDERED.**

24

25  Dated: September 10, 2025

     HON. WESLEY L. HSU
     UNITED STATES DISTRICT JUDGE

7